## GRAND LODGE OF ORDER OF SONS OF HERMANN IN STATE OF TEXAS v. PRATER et al. (No. 9107.)

Court of Civil Appeals of Texas. Galveston. Jan. 11, 1928.

Rehearing Denied Feb. 9, 1928.

**1. Insurance ⬉817(1)—Burden was on insurer to prove its defense that it was a fraternal beneficiary society:**

In suit on death certificate, where beneficiary in petition alleged that defendant was an insurance association duly incorporated under laws of state and made no allegation that insurer was fraternal benefit society, and insurer alleged that it was such society as defense, *held* that burden was upon the insurer to establish facts constituting its defense.

**2. Insurance ⬉817(1)—Matters necessary under statute to constitute fraternal benefit association are matters of affirmative proof (Rev. St. 1925, art. 4820).**

Matters stated in Rev. St. 1925, art. 4820, as essential to constitute fraternal benefit association, are matters of affirmative proof, and are not assumed though policy and certificate of incorporation and authority to do business in state recite that such was to be the purpose of organization; character of business actually done being determined from examination of certificate issued.

**3. Insurance ⬉817(1)—Association making no proof essential to constitute it fraternal benefit association under statute held not within laws applicable to such societies (Rev. St. 1925, arts. 4820–4822).**

Where association in suit on death certificate made no affirmative proof of things neces-

sary to constitute it fraternal benefit association under Rev. St. 1925, arts. 4820–4822, and parts of by-laws introduced in evidence contained no reference to lodge system or ritualistic work, or that benefits to be paid came entirely from assessments, *held* that without statutory essentials appearing association would not fall under laws peculiarly applicable to fraternal beneficiary societies.

**4. Appeal and error ⬦909(6)—In absence of proof that association was fraternal benefit association, appellate court must presume that trial court applied law applicable to insurance associations (Rev. St. 1925, art. 4820).**

. In action by beneficiary on death certificate, in absence of proof that insurer was in fact fraternal benefit association under Rev. St. 1925, art. 4820, *held* on appeal that appellate court must presume trial court applied correct principles of law to facts shown, and in so doing law applied was that applicable to insurance associations as distinguished from fraternal benefit associations.

**5. Insurance ⬦819(1)—Evidence held to support finding that beneficiary was adopted daughter with insurable interest in life of insured. ·**

Evidence that beneficiary under death certificate had lived with insured as adopted daughter for long period of years *held* to support finding by court that beneficiary was adopted daughter of insured and therefore had insurable interest in life.

**6. Insurance ⬦114—Named beneficiary in policy may maintain action on policy, without reference to insurable interest in life of assured.**

Under policies wherein particular person is named as beneficiary by insured, such person may maintain an action on policy, without reference to insurable interest of such person in life of assured.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Suit by Emma Prater and others against the Grand Lodge of the Order of the Sons of Hermann in the State of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Marshall T. Anderson, of Houston, and Fellbaum & Fellbaum, of San Antonio, for appellant.

Vinson, Elkins, Sweeton & Weems and Fred R. Switzer, all of Houston, for appellees.

LANE, J. This suit was brought by appellee Emma Prater, joined pro forma by her husband, O. F. Prater, against the appellant, Grand Lodge of the Order of the Sons of Hermann in the State of Texas, hereinafter, for convenience, referred to as the lodge, or appellant, upon a certain death certificate issued by the lodge upon the life of one Al-

bert Kohl, in which appellee Emma Prater was named as beneficiary, and as the adopted daughter of said Kohl.

The plaintiffs alleged that at the time of the death of Kohl, and for many years prior thereto, Emma Prater was the adopted daughter of Kohl and was dependent upon him.

The defendant lodge answered by general demurrer and special exceptions, and by specially pleading that it was a fraternal benefit society, chartered and operating in accordance with the provisions of the statutes of Texas; that its constitution and laws were a part of the agreement with Albert Kohl and Emma Prater, and that said constitution and laws provide that:

"The member, in naming such beneficiary, must be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member."

"In the event that at the death of a member, the person or persons named in the certificate as beneficiaries have died, or the relationship of the beneficiary or beneficiaries to the member has ceased, and no other beneficiary has been designated, the death benefit shall be paid as follows: First, to the husband, or wife," etc.

That the said appellee, Emma Prater, was not the legally adopted child of the deceased, Albert Kohl, at the time of his death; that she had no insurable interest in the life of said Albert Kohl, and that she was not eligible to take as a beneficiary under said certificate according to the statutory law and the constitution and laws of the appellant; that at the time of the death of the said Albert Kohl, the appellee Emma Prater was the wife of O. F. Prater, who was physically and mentally capable of earning a livelihood for himself and his wife, and was so doing and had been for several years prior to the death of said Albert Kohl, and that therefore the said appellee Emma Prater was not dependent upon the member and was not a legal beneficiary according to the statutory law and constitution and laws of the appellant.

The case was tried by the court without a jury, and judgment was rendered for the appellees. From such judgment, the lodge has appealed.

Appellant contends that the court erred in rendering judgment for appellee, because the undisputed evidence shows that Emma Prater had not been legally adopted by the deceased, Albert Kohl, and that she was not of the classes of persons named in article 4831 of the Revised Statutes of Texas 1925, as being entitled to recover upon such certificate as the one sued upon, and because the undisputed evidence shows that said Emma Prater was not dependent upon Albert Kohl at the

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

time of his death and that she was not one of the classes of persons entitled to recover upon the certificate as set out in the statutes of Texas and the by-laws of the lodge.

As a defense to plaintiff's suit, defendant alleged that it "was at the time of the issuance of the certificate, and at the time of the death of Albert Kohl, a fraternal benefit society, organized and conducted for the mutual benefit of its members and not for profit, and having a lodge system with ritualistic form of work and representative form of government, and making provision for the payment of benefits in accordance with article 4832 of Vernon's Sayles' Texas Civil Statutes."

Before undertaking to discuss the several contentions presented by appellant, we will state the facts shown pertinent to the issues raised.

Without stating the testimony of the witnesses and other evidence in detail, their substance may be stated as follows:

Appellee Mrs. Prater was the child of Mr. and Mrs. Johle. She was born in Fayette county, Tex., July 7, 1891. When she was only six or seven weeks old her mother died. At the funeral of Mrs. Johle, Mr. and Mrs. Albert Kohl, who resided in Washington county, Tex., wanted to take the child and adopt her as their own. Her father agreed with said parties that if they would take her, adopt her as their own child, and raise her as such, they might have her; said parties agreed to the proposal and took the child. In about three or four months after Kohl and wife got the child they moved near to Taylor in Williamson county, about 100 or more miles from where the father lived. After Kohl and wife moved to Williamson county, Mr. Johle abandoned the child to Kohl and made no contribution to her care and support, and he nor any of the Johles saw her thereafter for 14 years. After Kohl and wife took the child under the agreement stated she filled the place of an only child in their family; they loved and cared for her as their own child; they christened her as Emma Kohl from the time they took her, and in March, 1904, they had her confirmed under the name of Emma Kohl. Emma never knew that she was not born to Kohl and wife until about 14 years of age. While she was with Kohl and wife, believing she was in fact their child, and up to the time she married, no one contributed anything for her maintenance except Kohl and wife, and during such time she did housework for them and worked in the field when necessary and did such other work as Kohl and wife asked her to do. While living with said parties and filling the place of a child in their affections and in the family, said parties told Emma that when they died all they had should belong to her. Emma was never known by any other name

than "Emma Kohl" until she married one Meyer, when about 18 years of age. After she married Meyer she lived with her husband for four or five years. Of such marriage there were born three children. The family as then composed lived with Albert Kohl, whose wife had theretofore died. Plaintiff separated from her husband in 1917 and continued to live with Albert Kohl, who continued to provide for her necessities. She divorced her husband, Meyer, in 1922 or 1923. Later she moved to Houston, and Albert Kohl went with her and continued to assist her until he was disabled by an injury which he received about three years prior to his death; after such injury she and O. F. Prater, whom she had married about a year theretofore, took care of Kohl until he died.

On the 23d day of March, 1897, Albert Kohl became a member of the order of the Sons of Hermann and continued as such member up to the date of his death; by virtue of the laws of said order he was entitled to a death benefit of $1,000 after he had been a member for two years, or from the 23d day of March, 1899.

On the 4th day of August, 1920, the appellant lodge issued to Albert Kohl a death certificate for $1,000 in which the beneficiary named therein was "Emma Meyer," bearing relation to him of "adopted daughter." It was provided in such certificate that the certificate, the charter and laws of the Grand Lodge of the order and all amendments to each of them, shall constitute the agreement between the lodge and the member, and that any changes, additions, or amendments to the charter, constitution, or laws duly made or enacted subsequent to the issuance of the benefit certificate shall bind the member and his beneficiaries and shall govern and control the agreement in all respects the same as though they had been made prior to and were in force at the time application for membership was made.

After appellee married O. F. Prater, to wit, the 4th day of May, 1924, a change was made in the certificate issued to Albert Kohl, as provided for in the laws of the defendant, and therein the name of "Emma Prater" was inserted as beneficiary. This certificate contained practically the same provisions as did the one issued in 1920, as above stated.

As authority for the issuance of the substituted certificate of date May, 1924, Albert Kohl addressed to the lodge the following note:

"Herewith I hand you my certificate No. 6770 and request a change of the beneficiary in favor of Mrs. Emma Prater, who is related to me adopted daughter. The reason for the change of my former certificate are remarriage.

"[Seal.]          Albert Kohl."

Article 1 of the laws relative to the benefit fund of appellant lodge provides that:

"The member in naming such beneficiary must be confined to wife, husband, relative by blood to the fourth degree, father in law, mother in law, son in law, daughter in law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member, provided that if after the issuance of the original certificate the member shall become dependent upon an incorporated charitable institution, he shall have the privilege, with the consent of the Grand Lodge, to make such institution his beneficiary; each member shall have the right from time to time to have the beneficiary changed in accordance with the constitution and laws, rules and regulations of the Grand Lodge."

By section 3 of article 1, it is provided that:

"In the event that at the death of a member the person or persons named in the certificate as beneficiaries have died or the relationship of the beneficiary or beneficiaries to the member has ceased and no other beneficiary has been named or designated, the death benefit shall be paid as follows: First to the husband or wife; if there is no husband or wife, then to the children; share and share alike; grandchildren shall be entitled to such part as to which their parents would be entitled if living; and if there are no children or grandchildren, then to the surviving parent or parents of the deceased member, and if the parents are dead then to surviving brothers and sisters; the children of a deceased brother or sister shall be entitled to that part to which their father or mother would be entitled, if living. If there are no such relatives, then the benefit shall be paid to such heirs who are entitled to it under the laws of descent and distribution of the state of Texas."

It was admitted by appellant that Albert Kohl was a member in good standing of the lodge from 1897 to the time of his death, which occurred on the 15th day of August, 1926, and that due proof of death had been made.

The undisputed evidence shows that all dues, assessments, and premiums due to the lodge by Kohl had been paid in advance up to the time of his death and that the certificate or policy, which contained no forfeiture clause for lack of a proper beneficiary, was in full force and effect at the time of Kohl's death, and that the lodge was duly indebted to the one or ones entitled to the amount due thereon, whoever he, she, or they might be.

Emma Prater testified that she did not know whether or not Albert Kohl filed adoption papers adopting her as required by law; that she had made a search for such papers in Williamson county, in the county clerk's office, and at the places where Mr. Kohl lived, in an effort to find such papers; that so far she had not been able to find any record in any county clerk's office showing that she had been adopted by Albert Kohl.

Fred Johle, a brother of Emma Prater, testified that when Albert Kohl took her when only six weeks old he agreed to adopt her as his child; that Albert Kohl took her and kept her until she married and that she lived with him after her marriage and until he died; that he did not know whether or not Emma had been adopted by Kohl by any written instrument.

At the time Albert Kohl died he left no wife, children nor relatives by blood of any kind within the fourth degree surviving him; he left no mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchild or children, or child by adoption, other than the plaintiff Emma Prater.

Before entering into a discussion of appellant's several contentions, as above stated, we shall first dispose of its contention that it is shown to be a fraternal benefit society, organized under provisions of the statutes of this state, and therefore the law relative to such societies should govern in this case.

[1] Plaintiffs in their petition predicate their right to recover upon a certificate of insurance issued by the defendant to Albert Kohl in which she is named as beneficiary. They alleged that the defendant was an insurance association duly incorporated under the laws of Texas. They made no allegation to the effect that defendant is a fraternal benefit society. Defendant alone made the allegation that it was a fraternal benefit society, and, having made same as a defense against the plaintiffs' suit, the burden to establish the facts alleged was upon it.

By chapter 8 of the Revised Civil Statutes 1925, art. 4820, a fraternal benefit society is declared to be an incorporation, order, or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, having a lodge system with ritualistic form of work and a representative form of government, and which shall make provision for the payment of benefits in accordance with article 4824 of said chapter.

There was no showing that defendant was an incorporation, order, or voluntary association without capital stock, that it was organized and carried on solely for the mutual benefit of its members and their beneficiaries and not for profit, nor that it had a lodge system with ritualistic form of work and representative form of government. The only attempt to so show, so far as disclosed by the record, were the recitals in the charter issued to it by the state of Texas, where it is recited as follows:

"Sec. 1. This Grand Lodge holding a charter from the state of Texas shall be known as 'Grand Lodge of the Order of the Sons of Hermann in the State of Texas,' with its principal office in San Antonio, Texas.

"Sec. 2. The purposes of this association are: To give pecuniary assistance in cases of sickness or distress, and in case of a death, also to erect and maintain a home for old and needy

members of the order, and for orphans of members of the order,"

—and the introductory remarks at the head of the policy issued to Kohl, as follows:

"United States of America.
"The State of Texas.
"No. 6770. $1,000.00.
"Grand Lodge of the Order of the Sons of Hermann in the State of Texas.
"A Fraternal Beneficiary Society Incorporated Under the Laws of the State of Texas.
"Home for the Aged and Orphans, O. D. H. S., Comfort, Texas."

[2, 3] The matters and things stated in article 4820, supra, as being necessary to constitute a fraternal benefit association, are matters of affirmative proof and are not to be assumed as existing, even though it be that the policy and the certificate of incorporation and the authority to do business in Texas recite that such was to be the purpose of the organization. Such recitals are not conclusive of the character of the business actually done. That is to be determined, in part it is true, by an examination of the certificate issued, but it also rests on proof of acts outside of even the certificate; proof of facts tending to show that the association is conducted as one which our laws define to be a benevolent association. Defendant made no such proof. Those parts of the by-laws which were introduced in evidence contained no reference whatever to a lodge system or ritualistic form of work, or that benefits to be paid came entirely from assessments, and without these appearing the association would not fall under our laws peculiarly applicable to fraternal beneficiary societies. Thompson v. Royal Neighbors of America, 154 Mo. App. 109, 133 S. W. 146; Keeton v. National Union, 178 Mo. App. 301, 165 S. W. 1107; articles 4820, 4821, and 4822, Revised Civil Statutes of 1925.

In Keeton v. National Union, it is said:

"The burden of showing that it was a fraternal beneficiary association rested upon defendant. Gruwell v. Knights and Ladies of Security, 126 Mo. App. 496, 104 S. W. 884. The mere form of the contract, as distinguished from its character, does not prove defendant to be a fraternal beneficiary association."

[4] In the absence of proof that defendant was in fact a fraternal benefit association, we must presume that the trial court applied correct principles of law to the facts shown, and in doing so he applied the law applicable to insurance associations as distinguished from fraternal benefit associations.

As already stated, Emma Prater, named as beneficiary in the policy, brought this suit alleging that defendant, which issued the policy, "was an insurance association duly incorporated under the laws of Texas." No persons, except the plaintiff's husband, who was joined pro forma with his wife, were joined as party plaintiff with the named beneficiary, and the defendant in its answer did not allege that any party other than the plaintiff had an interest in the subject-matter of the suit, or sought to have any other party brought into the case. Indeed, there is no suggestion in the entire record that any person, other than the plaintiff, is asserting any interest in the subject-matter.

[5, 6] Under the facts and circumstances shown, the question raised by appellant, that is, that appellee was not entitled to a recovery upon the policy issued by appellant to Kohl because appellee had no insurable interest in the life of Kohl, should be overruled for two reasons: First, because the facts and circumstances hereinbefore stated were amply sufficient to support a finding by the trial judge that the plaintiff was the adopted daughter of Albert Kohl and therefore had an insurable interest in his life; and, second, because it is settled by the decisions of the Supreme Court of this state that under policies wherein a particular person is named as beneficiary by the insured, such person may maintain an action on the policy without reference to the insurable interest of such person in the life of the assured. Pacific Mutual Life Ins. Co. of California v. Clara Williams, 79 Tex. 633, at pages 637 and 638, 15 S. W. 478; Equitable Life Ins. Co. v. Hazlewood, 75 Tex. 338, at pages 351 and 352, 12 S. W. 621, 7 L. R. A. 217, 16 Am. St. Rep. 893; Gibson v. National Life & Accident Ins. Co. (Tex. Civ. App.) 294 S. W. 923.

In Pacific Mutual Life Ins. Co. of California v. Williams, above cited, the court cited with approval the decision in the case of Provident Life Insurance Co. v. Baum, 29 Ind. 240, and other cases, and said:

"In Insurance Co. v. Baum it was said: "It is not for the insurance company, after executing such a contract and agreeing to the appointment so made, to question the right of such appointee to maintain the action. If there should be a controversy as to the distribution among the heirs of the deceased of the sum so contracted to be paid, it does not concern the insurers. The appellant contracted with the insured to pay the money to the appellee, and upon such payment being made it will be discharged from all responsibility. So far as the insurance company is interested the contract is effective as an appointment of the appellee to receive the sum insured.'"

In Equitable Life Ins. Co. v. Hazlewood, 75 Tex. at page 351, 12 S. W. 621, 7 L. R. A. 217, 16 Am. St. Rep. 893, it is held that every person has an insurable interest in his own life and that he may take out an insurance upon his own life and make it payable to whoever he may please as beneficiary, without regard to such person having an insurable interest in his life; that the only distinc-

tion in any case between the assignment of a policy taken by a person on his life to one having no insurable interest, and the designating such person without insurable interest in the original transaction as the beneficiary, is that the insurer may not know of the assignment, but would necessarily be aware of the designation in the policy; that so far as the question of public policy is concerned, there is no substantial distinction between the two proceedings, and if one is invalid the other ought to be held equally so. Following such holding, the court proceeded to say:

"An assignment of a valid policy to one having no insurable interest in the life insured does not invalidate the policy. The assignee may collect and apply the proceeds, if he is a creditor, to the extinguishment of his debt and such sums as he may have disbursed for the purpose of keeping the policy alive, and the surplus may be collected for the benefit of the heirs of the person whose life was insured.

"We see no reason why the same rule may not be applied to a person designated in the policy as the beneficiary, treating him, when he has no insurable interest, as an assignee, appointee, or trustee to receive the proceeds for whoever may be lawfully entitled to enjoy them. The insurer will then be required to pay the sum it has promised to pay, and the money cannot be appropriated by anybody not having a legitimate right to it."

It will be kept in mind that the undisputed evidence shows that appellee Emma Prater and her husband for the last three years of the life of the insured, supported him and paid all assessments and premiums to keep the policy in force and effect.

In Gibson v. National Life & Accident Ins. Co. (Tex. Civ. App.) 294 S. W. 923, Judge Looney, speaking for the Dallas court, said:

"The law forbids, from considerations of public policy, any person to insure the life of another unless he has some interest in the life of such person; yet the courts uniformly hold that, as a person has an insurable interest in his own life, he may take out insurance payable to whomsoever he will, and in such case it is not necessary to the validity of the insurance contract that the beneficiary should have an insurable interest in the life of the insured.

"It follows from this doctrine that Grover Gibson could, as he did, take out policies payable to Airillar, and it was not necessary to their validity that Airillar was his wife or had an insurable interest in his life.

"The company contracted to pay the proceeds of the policies on the death of Grover Gibson to the beneficiary named, and was not concerned as to the disposition the law might ultimately make of the fund on an adjudication of the rights of the conflicting claimants."

For the reasons pointed out, all of appellant's assignments are overruled, and the judgment is affirmed.

Affirmed.