NO. 07-07-0426-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 22, 2008

_____

BRENNEN YOUNG,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 5426; HON. KELLY G. MOORE, PRESIDING

_____

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

Appellant Brennen Young appeals from an order adjudicating him guilty of the offense of aggravated sexual assault. Pursuant to a plea agreement, appellant pled guilty to the offense on June 21, 2006, and the trial court deferred the adjudication of his guilt and placed him on community supervision for ten years. Subsequently, the State filed a

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2008).

motion to proceed with the adjudication of his guilt. Appellant pled not true to the alleged violations of the terms of his community supervision, and the trial court conducted a hearing on same. The court adjudicated his guilt and sentenced him to fifteen years in prison on September 11, 2007. The trial court granted appellant permission to appeal on September 12, 2007.

Appellant's counsel has now moved to withdraw, after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he has searched the record and found no arguable grounds for reversal. The motion and brief illustrate that appellant was informed of his right to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by April 21, 2008. On April 16, 2008, appellant filed a response wherein he requested counsel be appointed to assist him in his response. On April 17, 2008, we advised appellant that he was presently represented by counsel and that if this court determined new counsel should be required the case would be returned to the trial court for the appointment of new counsel. Furthermore, we advised appellant that his *pro se* response, if any, was due on May 8, 2008. To date, appellant has filed no *pro se* response or brief.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed two potential areas for appeal involving the adjudication and punishment hearing. However, after discussing the evidence adduced at the hearing, he found no reversible error had occurred. We have also conducted an independent review of the record to determine whether there existed reversible error and found none. *Stafford v. State,* 813

2

S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). Appellant admitted to various of the alleged violations of his community supervision during his testimony at the adjudication hearing. And, the punishment assessed was also within the range prescribed by law. TEX. PEN. CODE ANN. §12.32(a) (Vernon 2003).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.

3