

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00142-CR

_____

DON CREECH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 37344-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

We withdraw our opinion issued in this matter April 7, 2011, and issue this opinion in place of it.[1]

Without the benefit of a plea agreement, Don Creech waived his right to a jury trial and pled guilty to four offenses: (1) possession, with intent to deliver, of more than 200 grams but less than 400 grams of a controlled substance, dihydrocodeinone (hydrocodone); (2) possession of five pounds or less but more than four ounces of a controlled substance, marihuana; and (3) and (4) two counts of delivery of less than twenty-eight grams of a controlled substance, dihydrocodeinone (hydrocodone). The trial court found him guilty of all four offenses. Though Creech filed an application for community supervision, the trial court sentenced him to twenty years' imprisonment for the first offense and two years for each of the remaining three offenses, all sentences to run concurrently.

Creech's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail. Counsel sets up several potential arguments and explains in detail why each fails to show reversible error. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of the law. *See Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813

---

[1]After we issued our original opinion, we received an amended pro se response which raises two new arguments. The postmark on the amended pro se response was April 6, 2011. We have withdrawn our original opinion and considered, in this opinion, the new arguments advanced in the amended pro se response.

S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Creech December 9, 2010, informing Creech of his right to file a pro se response and to review the record. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Creech has filed a pro se response with this Court making a number of arguments: (1) that the trial judge was disqualified or should have recused because, according to Creech, the trial judge solicited a bribe regarding this case; (2) that Creech's trial counsel refused to permit Creech to control the defense of the case; (3) that his trial counsel "used threats and coercion to force" Creech to waive his right to a jury trial and plead guilty; (4) that Creech's request that his wife be allowed to testify during the punishment phase of trial was refused; (5) that Creech was not "given a choice" concerning whether Edward King would be permitted to testify at punishment; (6) that Creech has not received a copy of the reporter's record; (7) that Creech has been refused access to the law library by Texas Department of Criminal Justice; and (8) that his appellate attorney has a conflict of interest due to the attorney's relationship with the trial judge and Creech's trial attorney. In his amended pro se response, Creech argues the trial court erred in determining count I[2] was a first degree felony and argues "the sentence is excessive in punishment

---

[2]Count I alleged possession, with intent to deliver, "of a controlled substance in penalty group 3 of the Texas Controlled Substances Act, namely, a material, compound, mixture, or preparation in an amount of 200 grams or more but less than 400 grams, that contained not more than 300 milligrams of dihydrocodeinone (hydrocodone), or any of

3

and contrary to the evidence." Each of Creech's arguments has either no support in the record, no support in the law, or support from neither the record nor the law.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

When an appeal appears arguably meritless, we are to determine whether the appeal is, in fact, without merit and is frivolous. If it is frivolous, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[3]

Josh R. Morriss, III
Chief Justice

Date Submitted: April 6, 2011
Date Decided: April 13, 2011

---

its salts, per 100 milliliters or not more than 15 milligrams per dosage unit, with one or more active, nonnarcotic ingredients in recognized therapeutic amounts."

[3]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Do Not Publish